UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LASHONDA COWARD,

                        Plaintiff,      **PROPOSED JOINT PRETRIAL ORDER**

    -against-

COUNTY OF SUFFOLK, THOMAS DEXTER,      15 CV 6248 (JMA)(SIL)
Individually,

                        Defendants.

---

The parties, by their respective counsel, as and for a Joint Pretrial Order have agreed to the following, which the Court hereby Orders:

    1. The full caption of the action, at this time, is as set forth above.

    2. Trial Counsel shall be:

        For the Plaintiff:

        Brett H. Klein, Esq.
        Lissa Green-Stark, Esq.
        305 Broadway, Suite 600
        New York, New York 10007
        Phone: (212) 335-0132
        Fax: (212) 335-0571

        For the Defendants:

        Dennis M. Brown, Suffolk County Attorney
        By: Kyle Wood, Esq.
        Assistant County Attorney
        100 Veterans Memorial Highway
        Hauppauge, NY 11788
        Phone: (631) 853-5673
        Fax:  (631) 853-8341

### 3. Jury or Bench Trial

This case is to be tried before a jury. The parties estimate that the trial will take approximately two (2) days.

### 4. Claims and Defenses

**Plaintiff:**

Plaintiff claims that Defendants Dexter violated her federal constitutional rights pursuant to 42 U.S.C. § 1983 by falsely arresting, fabricating evidence against her, and maliciously prosecuting her.

Plaintiff also asserts supplemental New York State law claims of false arrest, assault and battery, and malicious prosecution against defendant Dexter as well as against the County (via the doctrine of *respondeat superior*).

Claims previously asserted but not being tried: Negligent Screening, Hiring and Retention (Amended Complaint, 8th Claim), Negligent Training and Supervision (Amended Complaint, 9th Claim), Negligence (Amended Complaint, 10th Claim), and Violation of NYS Constitution Article 1 Sec. 12 (Amended Complaint, 11th Claim).

**Defendants:**

The Defendants contend the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 and that the Court lacks subject matter jurisdiction.

The Defendants contend that they used no unreasonable force against the Plaintiff and contest the true nature, extent and cause of the Plaintiff's purported injuries. The Defendants contend that Plaintiff's alleged injuries, if any, are de minimis and do not

rise to the level of actionable constitutional violations. Moreover, the Defendants contend that the damages/injuries sustained by the Plaintiff, if any, were caused by her own culpable and /or negligent behavior. They further contend that they acted as they did, if at all, solely pursuant to their duties and responsibilities as law enforcement officials, and at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers.

Defendants contend the accusatory instruments that served as the basis for the arrest of the plaintiff were based upon the personal knowledge of the arresting officer and that established the elements of the offenses charged.

As such, County Defendants had probable cause to affect the arrest of the plaintiff. County Defendants contend that the existence of probable cause also serves as a bar to the plaintiff's claims of malicious prosecution against all county defendants.

The accusatory instruments based on personal knowledge served as the basis for the arrest, established probable cause and prosecution of plaintiff.

Additionally, the named County Defendant is entitled to qualified immunity as there was at least arguable probable cause for the arrest of the plaintiff.

The Defendants contend that plaintiff has no evidence she was denied the right to a fair trial or that any defendant acted improperly in processing her arrest.

The Defendants further contend that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the deprivation of plaintiff's Constitutional rights; that the individual defendants actions were justified by the facts and circumstances presented;

that the individual defendants acted reasonably and in good faith in discharge of their official duties and responsibilities.

The individual Defendants contend that they are entitled to judgment in their favor on the basis of qualified immunity.

The Defendants contend that there is no viable constitutional claim stated or which can be proven against the municipal Defendant. The evidence listed in this Joint Pre-Trial order indicates that there is no viable *Monell* claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported *Monell* claim against the municipal Defendant. No such evidence exists because there was no constitutional violation in this action and there was no unconstitutional policy, practice or custom that allegedly caused the Plaintiff's alleged injuries, that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the Defendants or otherwise ratified by Defendants authorized the alleged deprivation of Plaintiff's constitutional rights.

The Defendants will contend that to the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**5.     Stipulations**

The parties have not stipulated or agreed to any statements of fact or law.

**6.     Damages**

Plaintiff seeks compensatory and punitive damages in amounts to be determined at trial, and reasonable attorneys' fees and costs.

### 7. Jurisdiction

Plaintiff's Statement:

The Court's jurisdiction over the subject matter of this action is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

Defendants' Statement:

Subject matter jurisdiction of the Court is not disputed.

### 8. Witnesses

Plaintiff's Witnesses:

    a.    Lashonda Coward, Plaintiff
           c/o Brett H. Klein, Esq., PLLC
           305 Broadway, Suite 600
           New York, New York 10007

Ms. Coward will testify about the incident and her damages.

    b.    Thomas Dexter, Defendant
           c/o Kyle Wood
           Assistant County Attorney
           Suffolk County Attorney's Office
           H. Lee Dennison Bldg.
           Hauppauge, New York 11788

Mr. Dexter is a Deputy Sheriff who was present during the incident and participated in the arrest and prosecution of Ms. Coward. Plaintiff may call him to testify about what he did and observed during the incident.

Plaintiff reserves the right to call any witnesses identified by Defendants.

Plaintiff reserves her right to offer relevant and admissible testimony of any and all witnesses identified by the Defendants, whether or not the Defendants actually call such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

Plaintiff reserves her right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the Defendants' case as the need arises. See FRCP Rule 26(d)(3).

Defendants' Witnesses:

The Defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the Plaintiff, whether or not the Plaintiff actually calls such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the individual Defendant Deputy Sheriff Thomas Dexter (employed by the Suffolk County Sheriff's Office, 100 Center Drive, Riverhead, New York) the Defendants may also call the following witnesses:

1. SGT Andrew Walther *(in person)*

The above witnesses will testify as to their interaction and observations of the Plaintiff as it relates to the alleged incident on August 2, 2014. Defendants do not currently have any expert witnesses whose testimony they expect to offer in their case-in-chief.

The Defendants may also offer the relevant admissible testimony of any other individual identified in Suffolk Sheriff's Office paperwork. Said individuals will testify as to their observations, their involvement in the incident as alleged by the Plaintiff, conversations had with Plaintiff and/or others, and their involvement in the investigation of the Plaintiff's allegations.

The Defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises. See FRCP Rule 26(d)(3).

Since the Plaintiff has not identified any proposed expert witnesses during discovery, the Defendants will object to any attempt to offer expert testimony based upon Plaintiffs' failure to comply with FRCP Rule 26 (a)(2).

**9.     Schedule of Exhibits[1]**

Plaintiff's Exhibits:

    1.      Arrest Report

    2.      Prisoner Activity Log

    3.      Sheriff's Office Case Report

    4.      Misdemeanor Information

    5.      Prosecution Worksheet

    6.      Sheriff Discharge Notification

    7.      Suffolk County Correctional Facility Release Approval

    8.      Bail and Fine Receipt

    9.      Order to Remand and Produce Defendant

    10.      Inmate Clothing and Property Inventory

    11.      Booking Sheet Receipt

    12.      Certificate of Disposition

Defendants' Exhibits:

The Defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the Plaintiff whether or not the Plaintiff actually offers such exhibits. (Said exhibits are hereby incorporated by reference.) The Defendants may also offer the following additional exhibits:

---

[1] Per the Court's instructions, the parties plan to meet and confer with regard to objections to exhibits, and will raise any issues that could not be resolved with the Court after good faith efforts have been exhausted.

1. All Suffolk County Sheriff's Office paperwork regarding arrest No. 80-01167-14 including but not limited to the events at 15A Glover Drive, Yaphank, New York on August 2, 2014;

2. Arrest Report of plaintiff August 2, 2014;

3. Photographs of Plaintiff taken on August 2, 2014;

4. Prisoner Activity Log;

5. Sheriff's Office Case Report;

6. Misdemeanor Information for plaintiff PL 195.05;

7. Notice of Claim and Amended Complaint;

8. Lashonda Coward's NYSIID report and criminal history;

9. Prosecution Worksheet;

10. Bail and Fine receipts for plaintiff;

11. Inmate Clothing and Property Invoice;

12. Plaintiff's Booking data sheet and intake photograph.

**10. Deposition Testimony**

Plaintiff does not anticipate offering deposition testimony in her case in chief. Plaintiff may use deposition testimony to refresh recollection. The Defendants reserve the right to use deposition testimony of the Plaintiff on their case in chief and for the purpose of impeachment. The parties each reserve the right to use deposition testimony if a witness is unavailable and for the purpose of impeachment.

**11.   District Judge or Magistrate Judge**

The parties have not consented to trial of this case before a magistrate judge.

Dated: New York, New York
      October 13, 2017

      BRETT H. KLEIN, ESQ., PLLC
      Attorneys for the Plaintiff
      305 Broadway, Suite 600
      New York, New York
      (212) 335-0132

      By:    ___s/ Brett Klein_____
                 BRETT H. KLEIN

      Kyle Wood
      Assistant County Attorney
      Suffolk County Attorney's Office
      H. Lee Dennison Bldg.
      Hauppauge, New York 11788
      (631) 853-5834

      By:    ___s/ Kyle Wood_____
                 KYLE WOOD

SO ORDERED:

_____
Hon. Joan M. Azrack
United States District Judge